UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
v.                                  )        No. 3:25-CR-77-TAV-JEM
                                    )
KELLY NICHOLE WHITE,                )
                                    )
                Defendant.          )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Kelly Nichole White's Motion to Continue Trial and Related Hearings and Deadlines [Doc. 27], filed on September 15, 2025.

Defendant requests the Court to continue the trial date, set for October 14, 2025, and all other deadlines set forth in the Court's scheduling order [*Id.*; *see* Doc. 11]. In support of her motion, defense counsel states that she needs additional time to adequately prepare for trial [Doc. 27 ¶ 1]. Defense counsel notes that Defendant is charged with misprision of a felon, and that Government's discovery includes various photos, reports, jail phone calls, and numerous officer body camera footage [*Id.* ¶ 2]. Defense counsel states that the Government provided supplemental discovery on September 9, 2025, which included more video surveillance and additional cruiser and body camera footage [*Id.* ¶ 3]. Defense counsel reports she is trying to obtain exculpatory evidence and needs additional time to subpoena these financial records [*Id.* ¶ 4]. Finally, Defendant states negotiations are ongoing to reach a suitable resolution, but additional time is needed [*Id.* ¶ 5]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 6]. Defendant's

motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 9].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs for more time to review, discuss, and evaluate discovery with Defendant, consider a plea agreement, and otherwise prepare for trial. The Court finds that all of this cannot occur before the October 14, 2025 trial date.

The Court therefore **GRANTS** Defendant Kelly Nichole White's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 27**]. The trial of this case is reset to **February 17, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 15, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

   (1) Defendant Kelly Nichole White's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 27**] is **GRANTED**;

   (2) the trial of this matter is reset to commence on **February 17, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

2

(3) all time between the filing of the motion on **September 15, 2025**, and the new trial date of **February 17, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 16, 2026**;

(5) the deadline for filing motions *in limine* is **February 2, 2026**, and responses to motions *in limine* are due on or before **February 10, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 3, 2026, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 13, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge