UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No. 3:25-CR-77-TAV-JEM |
| v. | ) |
| KELLY NICOLE WHITE, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Kelly White's Motion for Issuance of a Subpoena Duces Tecum Pursuant to Rule 17(c) [Doc. 28].[1] *See* 28 U.S.C. § 636(b). The Indictment charges Defendant White with misprison of a felony on July 31, 2025, for concealing the commission of a felony of which she had knowledge [Doc. 8 p. 3]. Pursuant to Federal Rule of Criminal Procedure 17(c)(1), Defendant asks the Court to permit a subpoena duces tecum to Hotels.com, L.P., to produce payment records identifying the card holder and card number for a hotel room at the Park Tower Inn in Pigeon Forge, Tennessee, from July 30 to 31, 2025. Defendant contends that this information is relevant to whether she exercised control over the hotel room, an issue central to the Government's theory that she rented the room and permitted others to hide there [*Id*. at 1–2]. Defendant attaches a proposed subpoena duces tecum requesting that the records be returned to the Clerk of Court [Doc. 28-1]. Defendant also maintains that she cannot pay the

---

[1] Defendant's filing does not comport with Local Rule 5.1, which requires among other things that it be "double-spaced, except for quoted material" and include page numbers at the bottom. E.D. Tenn. L.R. 5.1.

costs and fees for the requested subpoena duces tecum and asks that it be issued at government expense [Doc. 28 p. 3]. The Government does not oppose the motion [Doc. 35 p. 1].

"A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1).[2] "A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant." *United States v. Justice*, 14 F. App'x 426, 433 (6th Cir. 2001). Importantly, Rule 17(c) is not intended to be used as a discovery device. *United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009); *see also Justice*, 14 F. App'x at 432. Instead, the items designated in a subpoena duces tecum are to be produced for entry into evidence, even though the court may permit their production and inspection by the parties before the trial or proceeding at which they are to be introduced. Fed. R. Crim. P. 17(c)(1). Other relevant factors are whether the documents "are not otherwise procurable reasonably in advance of trial by exercise of due diligence" and that "the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (listing factors for Rule 17(c) production pretrial).

Defendant's request for subpoenas duces tecum for payment records is substantively and procedurally appropriate. The requested records are relevant to Defendant's defense that her conduct did not involve concealment [Doc. 28 p. 2; *see* Doc. 21 pp. 1–2 (arguing allowing a codefendant to stay in a hotel room is not concealment)].[3] The requested subpoena duces tecum is

---

[2] "[A] subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order." Fed. R. Crim. P. 17(c)(1)(3). The victim must be given an opportunity to move to quash or modify the subpoena. *Id*. Here, the subpoena does not appear to request a victim's records.

[3] Relatedly, Defendant contends that the requested records are also admissible as business records under Federal Rules of Evidence 803(6) and can be authenticated under Rule 902(11). *See Hughes*, 895 F.2d at 1146 (permitting a subpoena duces tecum when the movant can show the records are "evidentiary and relevant" (citing *United States v. Nixon*, 418 U.S. 683, 699 (1974))).

narrowly drawn and, thus, not unreasonable on its face. Defendant seeks "the identity of the credit or debit cardholder associated with a single hotel reservation (Hotels.com Confirmation No. 72064818282998) for the Park Tower Inn, Pigeon Forge, Tennessee, July 30–July 31, 2025" [Doc. 28 p. 3]. Defendant states she has attempted to obtain this information directly from Hotels.com, which informed her that it will not release this information without legal process [*Id*. at 2–3].

The Court also finds Defendant has met the indigency requirement to allow for service of the subpoena in the same manner as Government subpoenas. Rule 17(b) of the Federal Rules of Criminal Procedure provides:

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim P. 17(b). Here, the Court previously found Defendant is not financially able to obtain counsel and qualifies for court-appointed counsel [Doc. 4]. The undersigned also finds that Defendant is unable to pay the fees associated with the issuance of the requested subpoena.[4]

In sum, the Court finds Defendant has met the requirements for the issuance of a subpoena duces tecum pursuant to Rule 17(c)(1) and has demonstrated indigency. Accordingly, the Court **ORDERS** as follows:

> (1) Defendant's Motion for Issuance of a Subpoena Duces Tecum Pursuant to Rule 17(c) [**Doc. 28**] is unopposed by the Government and is **GRANTED**;

---

[4] In addition to showing indigency, the requesting defendant must make a preliminary showing that "the witness is 'necessary' to an adequate defense." *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990) (citation omitted). As discussed above, Defendant has shown the requested records are necessary to her defense that she did not conceal her codefendants.

3

(2) defense counsel is **ORDERED** to provide an amended subpoena duces tecum, adding the date for production of the records as **October 31, 2025**, to the Clerk of Court within **three business days** of the entry of this Order, and defense counsel shall also provide to the Clerk of Court the completed form USM 285 for Service by U.S. Marshal, which can be found on the Court's website under the General Forms menu (https://www.tned.uscourts.gov/forms/usm-285-service-us-marshal);

(3) said subpoena for Hotels.com, L.P., shall be **SERVED** by a United States Marshal or the marshal's designee with the process costs and witness fees to be paid in the same manner as those paid for subpoenas for Government witnesses, Fed. R. Crim. P. 17(b) & (d);

(4) upon receipt of the records, the Clerk of Court shall maintain the records **UNDER SEAL** pending trial or other proceeding, shall notify the undersigned that the records have arrived, and shall notify counsel for both parties that the records are available for inspection and copying; and

(5) the Clerk shall provide the subpoena along with a copy of this Order to the United States Marshals Service, which shall serve the subpoena.

**IT IS SO ORDERED**.

ENTER:

_/s/ Jill E. McCook_
Jill E. McCook
United States Magistrate Judge